**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-60C
December 12, 2013

**FILED**

DEC 1 2 2013

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * *
                             *
DUANE GERALD DAVIS, SR.,     *
                             *   Pro Se Plaintiff; Motion to
            Plaintiff,       *   Dismiss; Lack of Subject Matter
                             *   Jurisdiction.
            v.               *
                             *
UNITED STATES,               *
                             *
            Defendant.       *
                             *
* * * * * * * * * * * *      *
```

**Duane Gerald Davis, Sr.**, Owings Mills, MD, pro se.

**Gregg P. Yates**, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington D.C., for defendant.  With him was **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, Civil Division.

## OPINION

HORN, J.

Duane Gerald Davis, Sr., a pro se plaintiff, filed the case currently before the court and titled his complaint: "COMPLAINT FOR FRAUD, UNLAWFUL CONVERSION, BREACH OF FIDUCIARY DUTY, COLLUSION, NEGLIGENCE, AND TORTIOUS INTERFERENCE."  (capitalization in original).  Plaintiff alleges that his complaint constitutes a "corruption and negligence protest."  The complaint sets forth allegations against multiple defendants[1] for corruption and negligence, and seeks a writ of

---

[1] In his pro se complaint, plaintiff lists the following people and entities as defendants: "THE UNITED STATES, THE State of Maryland, Governor Martin O'Malley, Baltimore County Police Chief James W. Johnson, Baltimore City State's Attorney Gregg L. Bernstein, and Baltimore County State's Attorney Scott D. Schellenberger, in their official capacities and as individuals."  (capitalization in original).

Pursuant to Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2013), all claims in the United States Court of Federal Claims must have "the United States designated as the party defendant."  RCFC 10(a); see also 28 U.S.C § 1491(a)(1) (2006).  The United States Supreme Court has indicated, for suits filed in the

Mandamus for the return of personal property, alleging "theft of Plaintiff's property, as well as his identity."

Plaintiff alleges "[t]hat the Baltimore County Police Department by and through the Office of the State's Attorney of Baltimore County" searched his property, pursuant to a "purported search warrant that was never served on Duane Gerald Davis, Sr.," and, therefore, that they are "in unlawful possession" of his property.  Plaintiff alleges that the state government is "under a lawful duty" to return his property, which includes "a 1999 Charcoal Grey Chevrolet Suburban; A Daily Diary from 1986 made of yellow legal papers; Black Legal Briefcase with legal material, as well as Private Business Organizational and Tax Papers; a Video Camera; a Digital Camera; SD Cards; (9) Video Documentaries and Video Film, a book entitled 'The Minority Report' by Duane 'Shorty' Davis; and various keys."  Plaintiff estimates that the value of his confiscated property is $250,000.00.  In addition, plaintiff alleges that the defendants he named illegally detained him "due to prejudice and discrimination," because, plaintiff alleges, the defendants he named were aware that plaintiff was making a documentary about racism in the American judicial system.  In his complaint, plaintiff states that he "incorporates a collection of public videos made by him and others, as evidence in this case."

Throughout his complaint, plaintiff alleges a number of constitutional claims, including violation of plaintiff's rights under the First, Fourth, Fifth, and Sixth Amendments to the United States Constitution.  Plaintiff also alleges that the Baltimore County State's Attorney violated his general Due Process rights.  Although plaintiff never identifies himself as disabled, or indicates the nature of any disability, he alleges that his constitutional rights were violated, conflating that with a disability.  Plaintiff, therefore, gives a significant amount of attention in his complaint to discussing the rights of the disabled, including references to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12165 (2006), which plaintiff states is intended to facilitate "ensuring that individuals with disabilities have equal and effective access to the judicial system."

Plaintiff requests "[a]ctual or statutory damages, trebled, for the violations . . . [;] [a]ctual damages and punitive damages in an amount to be proven at trial for the

---

United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted).  Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); see also United States v. Sherwood, 312 U.S. at 588; May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir. 2008).  This court lacks jurisdiction to adjudicate claims against state agencies and private individuals. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); Woodson v. United States, 89 Fed. Cl. 640, 649 (2009) (citing Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007)).

malicious, fraudulent, oppressive and/or recklessly committed acts . . . [;] [d]amages sufficient to alleviate any unjust enrichment of Defendants . . . [;] [r]easonable attorney fees and costs, and . . . [s]uch other relief the Court deems just and proper." On the coversheet to the complaint, plaintiff seeks $52,000,000.00 in damages. Plaintiff also requests a jury trial, stating: "WHEREFORE, Because Plaintiff was incarcerated at the times relevant in this complaint, and therefore was in fact a vulnerable adult requests that this court permits a jury trial on the matter."[2]

Plaintiff did not file the required fee or submit an Application to Proceed In Forma Pauperis. Plaintiff's complaint, however, includes a discussion of the right to access the courts and the court's ability to waive a filing fee. Moreover, plaintiff appears not to be a first time litigant in federal court, as plaintiff previously filed a case in the United States Court for the District of Maryland. See Davis v. Maryland, No. GLR-12-3570 (D. Md. Jan. 11, 2013), aff'd, 530 F. Appx. 265 (4th Cir. 2013). Plaintiff merely asserts, based on the Due Process Clause of the Fifth Amendment to the United States Constitution, that the court cannot prevent him from filing even if he is unable to pay the filing fee. As discussed below, however, regardless of whether plaintiff has paid the filing fee, or requested to proceed In Forma Pauperis, this court would lack jurisdiction to review plaintiff's claims.

Defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, arguing that plaintiff's claims for recovery and damages are not within the court's Tucker Act jurisdiction. Defendant argues that plaintiff's "claim is not a monetary demand pursuant to a money-mandating authority, as required by Tucker Act," nor is it a claim arising out of a contract. In addition, defendant argues that the officials who plaintiff alleges seized his property are Maryland state and local officials, not United States officials, and therefore, any claims against them are not properly before this court. Defendant also states that, although plaintiff did not explain his theory of recovery, it appears his claim is for wrongfully seized property, which is a claim that sounds in tort and also is outside this court's jurisdiction. In addition, defendant argues that the court lacks jurisdiction to hear any Americans with Disabilities Act claim pursuant to 42 U.S.C § 12117(a) (2006), because such claims are exclusively under the jurisdiction of the United States District Courts. Furthermore, not only does defendant argue that it is not clear how the First, Fifth, and Sixth Amendments are relevant to the harm that Mr. Davis alleges or the recovery that he seeks, defendant also points out that this is the wrong court to review the constitutional claims alleged, and that this court is without jurisdiction to do so. Plaintiff has failed to respond to defendant's motion to dismiss, despite having been allotted more time to do so than allowed under the rules of this court.

---

[2] This court does not provide for jury trials. All cases in this court are before judges, as bench trials.

**DISCUSSION**

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9, and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); Wickliff v. United States, 102 Fed. Cl. 102, 108 (2011) ("The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it.").[3]

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338,

---

[3] Plaintiff in this case claims that, "Chief Justice John Roberts, of the United States' [sic] Supreme Court went as far as instructing Plaintiff on how he should proceed with his case, in light of his pro se status."

1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc., v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (citing C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Bell Atl. Corp. v. Twombly,] 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557).

When deciding a case based on a lack of subject matter jurisdiction, this court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d

1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (Supp. V 2011).  As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained.  See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act.  The claim must be one for money damages against the United States." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States.").  In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims.  The court wrote:

The underlying monetary claims are of three types . . . .  First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . .  Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . .  Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372

F.2d at 7.   Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself....can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

In the above-captioned case, Mr. Davis alleges that the "Baltimore County Police Department by and through the Office of the State's Attorney of Baltimore County" unlawfully searched and seized plaintiff's property.   Plaintiff also alleges that the Baltimore County State's Attorney violated his constitutional rights and argues for the return of his property, or its money value.   Although plaintiff's complaint refers to "[D]efendants" when discussing various, alleged violations of his rights, plaintiff never asserts a claim against an entity or official of the United States.   This court does not have jurisdiction to hear allegations or claims against local and state officials, even though the United States was listed in the caption of plaintiff's complaint. See Fullard v. United States, 77 Fed. Cl. 226, 230 (2007) (refusing to allow a plaintiff's complaint against local Louisiana entities to proceed in the United States Court of Federal Claims

simply because the plaintiff listed the United States as the defendant in the caption of the complaint).

To the extent that plaintiff requests relief from conduct sounding in tort, including negligence by government officials, even if federal officials had been alleged to have been involved, the Tucker Act would also expressly preclude review of tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Any claim alleging negligence by government officials raises a question of tortious conduct, which is not reviewable in this court. See Husband v. United States, 90 Fed. Cl. 29, 35 (2009) (holding that the court lacked jurisdiction over claims sounding in tort when "the Government seized and failed to return Plaintiff's property, or, in the alternative, that his property was lost as a result of the Government's theft.") (internal citation omitted).

Without affirmatively stating that he is disabled, plaintiff also cites to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., to invoke the court's jurisdiction, appearing to argue, by incorporation of an amicus curiae brief in his complaint, that people with a disability should enjoy equal access to the courts. He appears to allege that the defendants he named violated his right to equal access to the court. This court, however, lacks jurisdiction to review claims brought pursuant to the Americans with Disabilities Act. See Gable v. United States, 106 Fed. Cl. 294, 298 (2012) (concluding that "the court does not have jurisdiction over ADA [Americans with Disabilities Act] claims, because the ADA does not create a substantive right to money damages against the United States"); Searles v. United States, 88 Fed. Cl. 801, 804 (2009) ("The ADA [Americans with Disabilities Act] is not a statute mandating payment by the United States." (citing 42 U.S.C. §§ 12111(2), (5), 12112)). The United States District Courts have jurisdiction over Americans with Disabilities Act claims. See 28 U.S.C. § 1343(a) (2006) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights."); Johnson v. United States, 97 Fed. Cl. 560, 564 (2011) ("The Court notes that Federal district courts have exclusive jurisdiction over the ADA [Americans with Disabilities Act] . . . claims.").

Plaintiff also seeks relief under a variety of constitutional amendments. Plaintiff argues initially that his First Amendment right was violated because the Baltimore

8

County Police Department allegedly improperly possess his "personal and intellectual property" regarding his "Minority Report" study. Plaintiff alleges that this study was "the result of a social economic study that applies directly to the issue of racism in the American judicial system." Plaintiff appears to allege that this possession by the state government officials infringed plaintiff's "First Amendment right to free speech by demonstrating his displeasure with the Maryland Judiciary." The First Amendment, standing alone, however, cannot be interpreted to require the payment of money for an alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc), cert. denied, 465 U.S. 1065 (1984) ("We agree with the Court of Claims that the first amendment, standing alone, cannot be so interpreted to command the payment of money."); Volk v. United States, 111 Fed. Cl. 313, 326 (2013); Cox v. United States, 105 Fed. Cl. 213, 217 (2012), appeal dismissed (Fed. Cir. 2012) ("However, because the First Amendment, standing alone, does not obligate the United States to pay money damages, it cannot serve as the basis for jurisdiction in the Court of Federal Claims.") (citing United States v. Connolly, 716 F.2d at 887).

Similarly, the court lacks jurisdiction over plaintiff's claims to the extent that they allege that defendant conducted an unlawful search and seizure of plaintiff's possessions under the Fourth Amendment to the United States Constitution. See Kam-Almaz v. United States, 96 Fed. Cl. 84, 89 (2010) ("[T]his Court does not have jurisdiction to hear claims contesting the lawfulness of a search and seizure because due process and Fourth Amendment claims are reserved to the District Court." (citing LeBlanc v. United States, 50 F.3d 1025 (Fed. Cir. 1995))), aff'd, 682 F.3d 1364 (Fed. Cir. 2012); Treece v. United States, 96 Fed. Cl. 226, 231 (2010) (citing Milas v. United States, 42 Fed. Cl. 704, 710 (1999) (finding that the Sixth Amendment is not money-mandating), aff'd, 217 F.3d 854 (Fed. Cir. 1999)); Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010) ("Plaintiff avers that his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Fourteenth, and Fifteenth Amendments were violated. None of these claims allege a violation for which money damages are mandated."); Fry v. United States, 72 Fed. Cl. 500, 507 (2006) ("As a matter of law, the Fourth Amendment's prohibition on unreasonable search and seizure and the Due Process Clause of the Fifth Amendment are not money-mandating." (citation omitted)).

In his complaint, plaintiff also appears to raise Due Process claims under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that: "To ensure meaningful access, particularly when an individual faces the prospect of coercive State deprivation through the judicial process of life, liberty, or property, due process often requires the State to give a litigant affirmative assistance so that he may participate in the proceedings if he effectively would be unable to participate otherwise." Plaintiff continues:

> A person with a disability who faces the loss of his freedom, children, or property in a judicial proceeding similarly must have meaningful access to the courts. He cannot be said to enjoy equal and effective access to the courts unless he can actually attend, follow, and participate in the

proceeding. Meaningful, not merely theoretical, access to the courts is required by the Constitution.

Therefore, plaintiff claims that, "due process may require affirmative conduct on the part of the State to ensure that individuals with disabilities can participate meaningfully in judicial proceedings."

The United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (citing LeBlanc v. United States, 50 F.3d at 1028) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); see also In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. at 238; McCullough v. United States, 76 Fed. Cl. at 4 ("[N]either the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."); Smith v. United States, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)). Due process claims "must be heard in District Court." Kam–Almaz v. United States, 96 Fed. Cl. at 89 (citing Acadia Tech., Inc. v. United States, 458 F.3d at 1334); see also Hampel v. United States, 97 Fed. Cl. at 238. Therefore, to the extent that plaintiff is attempting to raise allegations of Due Process violations, no such cause of action can be brought in this court.

Likewise, to the extent that plaintiff raises claims under the Equal Protection Clause of the Fourteenth Amendment, these do not mandate the payment of money by the federal government and, therefore, fall outside the jurisdiction of the United States Court of Federal Claims. See LeBlanc v. United States, 50 F.3d at 1028 (indicating that a claim under the Equal Protection Clause of the Fourteenth Amendment is not sufficient for jurisdiction in the United States Court of Federal Claims because it does not "mandate payment of money by the government." (citing Carruth v. United States, 224 Ct. Cl. 422, 445 (1980))); Potter v. United States, 108 Fed. Cl. 544, 548 (2013) (finding that "this Court lacks jurisdiction over violations under the Due Process Clauses of the Fifth and Fourteenth Amendments . . . because they do not mandate payment of

money by the government.") (internal citations omitted) (modifications in original); Warren v. United States, 106 Fed. Cl. 507, 511 (2012) (holding that, since the "Fourteenth Amendment guarantee of equal protection" is not money mandating, "[a]ccordingly, the court lacks jurisdiction over these claims."); Pleasant-Bey v. United States, 99 Fed. Cl. 363, 367 (2011) appeal dismissed, 464 F. App'x 879 (Fed. Cir. 2012) ("However, this court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages.").

Plaintiff further claims that the defendants he named violated his Sixth Amendment rights when they prevented him from subpoenaing defendants. Insofar as plaintiff's claims concern the Sixth Amendment to the United States Constitution, this Amendment is not money-mandating and, therefore, jurisdiction to review these claims does not lie in this court. See Dupre v. United States, 229 Ct. Cl. 706 (1981) ("[T]he fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims."); Gable v. United States, 106 Fed. Cl. at 298 ("[T]he United States Court of Federal Claims does not have jurisdiction to adjudicate the alleged violations of Plaintiffs Sixth Amendment rights, because that constitutional provision is not money-mandating."); Treece v. United States, 96 Fed. Cl. at 231 (2010) (citing Milas v. United States, 42 Fed. Cl. at 710 (finding that the Sixth Amendment is not money-mandating)); Smith v. United States, 51 Fed. Cl. 36, 38 (2001) (internal citations omitted) (finding that the United States Court of Federal Claims lacks jurisdiction over Sixth Amendment ineffective assistance of counsel claims), aff'd, 36 F. A'ppx. 444 (Fed. Cir. 2002).

To the extent that plaintiff is alleging any criminal conduct by individuals who allegedly conducted an unlawful search and seizure of his property, this court also lacks jurisdiction to adjudicate those claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that "this court does not have jurisdiction over his claims because the court may review neither criminal matters, nor the decisions of district courts.") (internal citations omitted); Mendes v. United States, 88 Fed. Cl. 759, 762 (2009), appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Mathews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006); McCullough v. United States, 76 Fed. Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims).

Trial judges are given broad discretion to control and manage their dockets, including with respect to procedural matters. See, e.g., Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (citing Nolan v. de Baca, 603 F.2d 810, 812 (10th Cir. 1979), cert. denied, 446 U.S. 956 (1980)); Nutrinova Nutrition Specialties and Food Ingredients GMBH v. Int'l Trade Comm'n, 224 F.3d 1356, 1360 (Fed. Cir. 2000). "[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Geear v. Boulder Cmty.

Hosp., 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988); see also Toquero v. I.N.S., 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("It is well-settled that oral argument is not necessary to satisfy due process."); Lake at Las Vegas Investors Grp. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir.), reh'g denied (9th Cir. 1991), cert. denied, 503 U.S. 920 (1992) (which affirmed the trial court and discussed the court's interpretation of a local District Court rule, finding no prejudicial error based on the denial of oral argument because the party "had the opportunity to apprise the district court of any arguments it believed supported its position . . . ."). Therefore, a trial court is not required to hold a hearing.  The decision of whether or not to hold an oral argument is made in each case, based on the filings and issues raised in that particular case.  Trial courts have broad discretion regarding this decision.  Because plaintiff has presented no allegation within the jurisdiction of the court, the court has concluded that it is not necessary to hold a hearing in this case.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is **GRANTED**, and plaintiff's complaint is **DISMISSED** for lack of jurisdiction.  The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED**.

**MARIAN BLANK HORN**
**Judge**

12